IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

       Plaintiff,

v.

                                       Civil Action No. 1:23-cv-00781-DHU-LF

MICHELLE LUJAN GRISHAM,
OFFICE OF THE GOVERNOR,
PATRICK ALLEN, and
NM DEPARTMENT OF HEALTH,

       Defendants.

### *EXPEDITED* MOTION FOR THE HON. DAVID URIAS, U.S. DISTRICT JUDGE, TO RECUSE HIMSELF FROM ALL PROCEEDINGS GOING FORWARD AND RE-ASSIGN THE CASE AND MOTION TO VACATE THE HEARING FOR CONSIDERATION OF THE MOTION TO RECUSE

COMES NOW Plaintiff hereby respectfully moves this Honorable Court by and through his undersigned counsel of record for an Order from this Court:

1. Recusing the Hon. David Urias from all proceedings going forward in this case, pursuant to 28 U.S.C. § 455(a);

2. Re-assigning this matter to another U.S. District Judge for the District of New Mexico, pursuant to 28 U.S.C. § 144, and

3. For such other and further relief as this Court shall deem just and proper.

### BACKGROUND

Less than a year ago the Honorable David Urias was a defendant being sued for legal malpractice by a client of undersigned counsel, A. Blair Dunn, Esq. and Jared R. Vander Dussen, Esq. in New Mexico State District Court Case No. D-1329-CV-2020-00993, *Kittner v. Schmidt-Nowara et al.* On September 12, 2023, Mr. Dunn and Mr. Vander Dussen filed the

1

instant matter on behalf of James Springer. The same day the case was reassigned to Judge Urias and not long after he set the matter for a hearing on September 13, 2023, tomorrow.  In addition, to the unavoidable scheduling conflicts which prohibit lead counsel, Mr. Dunn's, appearance tomorrow,[1] it is appropriate for the Court to vacate the hearing in order to consider the instant Motion.

## ARGUMENT

**Recusal of the Court and Re-Assignment is Merited Under the Circumstances**

A. Re-Assignment of this Case to Another Article III Judge is Merited Under Section 144 28 U.S.C. § 144 provides, as follows,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Annexed hereto is the Declaration of A. Blair Dunn, made pursuant to 28 U.S.C. § 1746, filed in support of this demand for re-assignment. See generally *Pfeil v. Rogers*, 757 F.2d 850 (7th Cir. 1985), *cert. denied* 475 U.S. 1107 (1986) ("so long as the documents comply with 28 U.S.C. § 1746 . . . a district court should not be unnecessarily hypertechnical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied." *Id*. at 859.); *Capital Cities/ABC, Inc. v. Ratcliff*, 953 F. Supp. 1228, 1233

---

[1] Mr. Dunn's daughter has commitment tomorrow at the New Mexico State Fair Junior Livestock Market Beef show, which is a family commitment over a year in the process that requires his presence in order to avoid working substantial hardship on the family.

2

(D. Kan. 1997), aff'd 141 F.3d 1450 (10th Cir.), *cert. denied* 525 U.S. 873 (1998); *Davis v. Frapolly*, 765 F. Supp. 1065, 1067 (N.D. Ill. 1991).

A motion under Section 144 grants to a litigant the power to request that a district court judge disqualify him or herself when that judge has demonstrated a personal bias or prejudice as against the subject litigant. *United States v. Ritter*, 540 F.2d 459, 461-62 (10th Cir.), *cert. denied* 429 U.S. 951 (1976). The statute sets forth a procedure for that inquiry to be determined, as by the assignment of the proceeding to another sitting judge to (a) determine if the allegations in the submitted affidavit (or declaration) are truthful, (b) whether the allegations therein are legally sufficient, and (c) do they rise to the level of such demonstrated bias and prejudice to merit re-assignment of the case to another sitting judge. See *Berger v. United States*, 255 U.S. 22, 34-36 (1921) (ruling under preceding statute, Judicial Code § 21).

The merits of any motion filed pursuant to Section 144 hinge upon the accompanying sworn statement of the movant, as certified by his or her attorney. The sworn statement must show actual factual evidence that, according to the movant, demonstrates bias and prejudice that will infect the validity of the process. *Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425 (10th Cir. 1966), *cert. denied* 386 U.S. 977, *reh'g denied* 386 U.S. 1043 (1967) ("In order for the affidavit to be sufficient it must contain something more than conclusions. Facts showing the existence of personal bias and prejudice on the part of the judge are essential." *Id*. at 430. Footnote omitted.). As this Circuit has succinctly put it,

> Affidavits of disqualification must allege personal rather than judicial bias. ... They must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice. Motions alleging bias and prejudice on the part of a judge which establish simply that the affiant does not like a particular judge are not adequate to require disqualification.

*United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Citations omitted.

In accord see *Parkhurst v. Pittsburgh Paints, Inc.*, 399 Fed. App'x 341, 344 (10th Cir. 2010); *Hinman v. Rogers,* 831 F.2d 937 (10th Cir. 1987) ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id*. at 939).

In accord see *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1050 (10th Cir. 2017).

Similarly, allegations that are "broad and conclusory" will not adequately support a motion filed under Section 144. *Smith v. Krieger*, 643 F. Supp.2d 1274, 1284 (D. Colo. 2009), *aff'd* 389 Fed. App'x 789 (10th Cir. 2010).

As the accompanying Declaration of Mr. Dunn makes clear, relying upon the direct observations of the Tenth Circuit, Judge Urias as a Defendant in a very recent lawsuit accusing him of legal malpractice and having been deposed by Mr. Dunn around a year ago is a very personal situation. It is a situation as the Tenth Circuit has described it, "of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case." *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977), *cert. denied* 434 U.S. 1012 (1978).

In accord see *Lidstone v. Block*, 773 F.2d 1135, 1137 (10th Cir. 1985); *Broemmel v. Lappin*, 2012 WL 1205167 at *2 (D. Colo. 2010).

The Code of Conduct for United States Judges, Canon 1 and 2(A) read:

An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective…

(A)     *Respect for Law*. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Moreover specifically in this case the Canons provide at 3(C)(1)(a) that:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

And though Plaintiff recognize that this Court is not bound by the New Mexico Rules of Judicial Conduct, Defendants believe that the New Mexico Rules shed light on what exactly would constitute a disqualifying condition. NMRA 2-211(A) states:

> A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
> (1) The judge has a personal bias or prejudice concerning a party *or a party's lawyer*, or personal knowledge of facts that are in dispute in the proceeding.

Rule 21-211 NMRA (emphasis added). With all deference to this Court, the impartiality of Judge Urias can reasonably be question when he has been sued personally by undersigned counsel in a very recent case. In fairness to Mr. Springer and the serious constitutional issues he deserves to have a jurist that is free from any reasonable question of impartiality given the recent personal involvement in a lawsuit regarding allegation of the propriety of Judge Urias's representation.

## CONCLUSION

For the all of the foregoing reason, this Court should grant the relief sought herein.

Respectfully submitted this 12th day of September 2023.

        WESTERN AGRICULTURE, RESOURCE
        AND BUSINESS ADVOCATES, LLP

        */s/ A. Blair Dunn*
        A. Blair Dunn, Esq.
        Jared R. Vander Dussen, Esq.
        400 Gold Ave SW, Suite 1000
        Albuquerque, NM 87102
        (505) 750-3060
        abdunn@ablairdunn-esq.com

warba.llp.jared@gmail.com

Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com