IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

vs.                                                                                No. 1:23-cv-00781 DHU-LF

MICHELLE LUJAN GRISHAM,
OFFICE OF THE GOVERNOR,
PATRICK M. ALLEN, and
NM DEPARTMENT OF HEALTH,

    Defendants.

## ORDER ON "EXPEDITED MOTION" TO RECUSE

This matter comes before the Court on Plaintiff James Springer's "Expedited Motion for the Honorable David Urias, U.S. District Judge, to Recuse Himself from All Proceedings Going Forward and Re-Assign the Case and Motion to Vacate the Hearing for Consideration of the Motion to Recuse." ("Motion") Doc. 3. Plaintiff Springer filed his Motion on September 12, 2023, but did not submit the affidavit required by 28 U.S.C. § 144 until sixteen days later, on September 28, 2023. Doc. 6. Although the Motion brought under §144 was deficient,[1] the Court nevertheless

---

[1] The Motion filed on September 12, 2023, was accompanied by an affidavit executed by Plaintiff's counsel, but did not include an affidavit from a party to the proceeding which is required when seeking relief under 28 U.S.C. § 144. *See* Doc. 3, Ex. 1.

granted Plaintiff's request to vacate the hearing on his request for a Temporary Restraining Order.[2] Doc. 4.  The Court now considers Plaintiff's Motion.

## Discussion

In his Motion, Plaintiff Springer requests that, pursuant to 28 U.S.C. § 144, this Court recuse itself from hearing his case because his counsel, A. Blair Dunn and Jared Vander Dussen, once represented a client who brought a legal action against the Court while he was a practicing attorney. Motion at 1.  According to Plaintiff, he "[does] not reasonably believe that the personal issue between Judge Urias and [his] attorney will allow [the Court] to act impartially towards me." Doc. 6, Affidavit of James Springer at ¶ 3. Plaintiff provides no facts to explain his belief other than to say his lawyer "personally sued Judge Urias." *Id*. at ¶ 2.

The statute upon which Plaintiff relies provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only on such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  In addition, 28 U.S.C. § 455 provides that any judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned and, among other things, where he has a "personal bias or prejudice concerning a party."

---

[2] The reason for requesting the Court vacate Plaintiff's request for an emergency hearing on his motion for a temporary restraining order is unclear.  In his Motion, Plaintiff suggested that vacating the hearing was appropriate so the Court could consider his Motion, but in a footnote Plaintiff's counsel suggested his request was made because he had a prior commitment to attend a livestock show with his daughter. Doc. 3, fn. 1.

As Plaintiff correctly points out in his Motion, the Tenth Circuit has made clear that allegations of bias or prejudice on the part of a court in a § 144 motion must contain more than mere conclusions, but instead must show actual facts indicating the existence of a judge's personal bias and prejudice against a party. Motion at 3. "The simple filing of an affidavit does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) (citation omitted). In fact, "a trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true." *Id*. (citing *United States v. Ming*, 466 F.2d 1000 (7th Cir. 1972), cert. denied, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972)). Moreover, "[a]n affidavit must comply with §144 before it can effectively disqualify a judge." *Id*. (citing *United States v. Anderson*, 433 F.2d 856 (8th Cir. 1970)).

In this case, Plaintiff has not shown that recusal is required under § 144. First, Plaintiff has not shown the existence of facts that would establish the Court is personally biased or prejudiced against him or in favor of an adverse party. The Court has never met Plaintiff, knows nothing about him, and assures Plaintiff that, as with all cases before it, the Court would be impartial and fair in considering his case. Nor does the Court hold any personal bias or prejudice towards Plaintiff's counsel. Although the Court is aware that Plaintiff's counsel represented a client in a case brought against several lawyers and firms, including this Court, the claims against the Court were never proven and were ultimately dismissed with prejudice. Second, Plaintiff's § 144 motion remains deficient as it is not accompanied by a certificate of counsel stating that it is made in good faith. *See* 28 U.S.C. § 144; *Bray*, 546 F.2d at 857. For these reasons, the Court finds recusal is not appropriate under this statute.

However, pursuant to 28 U.S.C. § 455, the Court should consider whether his impartiality might be reasonably questioned in this matter. Although the Court finds Plaintiff has not shown

sufficient facts to establish actual bias or prejudice against him, it is not unreasonable to believe Plaintiff would be concerned about the Court's impartiality in this matter. For that reason alone, the Court believes recusal is appropriate.

Therefore, the Court **GRANTS** Plaintiff's Motion to Recuse (Doc. 3) and will direct the Clerk of the Court to reassign this matter.

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE