# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

v.                                             No. 1:23-cv-00781 KWR/LF

MICHELLE LUJAN GRISHAM,
OFFICE OF THE GOVERNOR,
PATRICK ALLEN, and
NEW MEXICO DEPARTMENT OF HEALTH,

    Defendants.

## ORDER REGARDING REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court upon Plaintiff's Request for an *ex parte* Temporary Restraining Order **(Doc. 1 at 14-18)**.  Plaintiff requests the Court enter an *ex parte* temporary restraining order as to Defendants' September 7 and 8, 2023 executive order and public health order which in part temporarily restricted the Second Amendment right to bear arms in certain places in New Mexico.  *see* **Doc. 1 at ¶¶ 43, 47**.  Because it appears that Defendant is seeking an *ex parte* temporary restraining order for a public health order which is no longer in effect, the Court will deny without prejudice the request to enter an *ex parte* temporary restraining order as moot. *See, e.g., We the Patriots, USA, Inc. v. Grisham,* 23-cv-773 DHU/LF, Doc. 21 (D.N.M) (order denying as moot plaintiffs' motion for preliminary injunction as to Defendants' public health order dated September 8, 2023). Plaintiff may file a new motion either (1) challenging the current public health order, or (2) demonstrating why the court should enjoin a public health order which no longer exists.

## BACKGROUND

Plaintiff challenges the Original Public Health Order and Executive Order issued on September 7 and 8, 2023. *See* Doc. 1, Ex. 1, Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures, September 8, 2023 (the "Original Public Health Order"); Doc. 1, Ex. 2, Governor's Executive Order 2023-130, Declaring State of Public Health Emergency Due to Gun Violence, September 7, 2023.

Since then, on October 6, 2023, the New Mexico Department of Health issued a second amended Public Health Order, superseding prior orders. *See* Amended Public Health Order, https://cv.nmhealth.org/wp-content/uploads/2023/10/NMAC-PHO-20231006-Amended.pdf (last accessed October 16, 2023) ("Second Amended Public Health Order"). The Governor also issued a renewed executive order extending the public health emergency due to gun violence until November 3, 2023. The Second Amended Public Health Order appears to be significantly narrower than the one challenged by Plaintiff in his complaint. In relevant part, the new order states that no individual, aside from law enforcement officers, licensed security officers, and certain others, may carry firearms in public parks or playgrounds. *Id.* This temporary restriction does not apply to Albuquerque's Shooting Range Park, state parks, or areas owned by the New Mexico Energy, Minerals and Natural Resources Department, State Parks Division, or the State Land Office. *Id.* The Second Amended Public Health Order clarified that the firearm restrictions apply to Bernalillo County and the City of Albuquerque. It also has several provisions unrelated to the right to bear firearms.

This case was transferred to the undersigned on October 2, 2023, and is one of several cases in this district challenging the Defendants' public health orders restricting the right to bear arms. A temporary restraining order was in place in at least one other related case until October

11, 2023. *See We the Patriots, USA, Inc. v. Grisham et al.,* 23-cv-773 DHU/LF, Doc. 21 (D.N.M) (order extending temporary restraining order until October 11, 2023). An order denying the motion for preliminary injunction was entered in that case. *See We the Patriots USA, Inc., v. Grisham,* 1:23-CV-00773-DHU-LF, 2023 WL 6622042, at *1 (D.N.M. Oct. 11, 2023).

## DISCUSSION

The Court denies without prejudice Plaintiff's request for *ex parte* temporary restraining order as moot, because Plaintiff challenges a public health order which is no longer in effect. Moreover, as explained below, the Court cannot issue an *ex parte* temporary restraining order as to the Second Amended Public Health Order without further briefing or development of the record.

The purpose of a temporary restraining order or preliminary injunction is to "preserve the relative positions of the parties" until a hearing or trial on the merits can be held. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits." *Keirnan v. Utah Transit Auth.*, 339 F.3d 1217, 1220 (10th Cir. 2003) (quotation marks and citation omitted). "A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir.2012) (citations omitted).

To obtain a preliminary injunction or temporary restraining order, Plaintiff must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; *and* (4) that the injunction, if issued, will not adversely affect the public

interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

Plaintiff has not yet asserted facts sufficient to establish his standing to challenge the Second Amended Public Health Order. For Plaintiff to demonstrate standing, he must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-1, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Here, this means that Plaintiffs must demonstrate standing to challenge the restrictions of the Second Amended Public Health Order, that is, carrying firearms in public parks and playgrounds. *See Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought"). "[A] plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59, 134 S. Ct. 2334, 2341, 189 L. Ed. 2d 246 (2014) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). Here, Plaintiff has not yet alleged in his complaint or asserted in an affidavit that he carries firearms in playgrounds or through public parks (not including state parks), or intends to do so. Therefore, he has not asserted an injury-in-fact.

Plaintiff has also not yet demonstrated a likelihood of success on the merits as to the Second Amended Public Health Order. The Second Amendment protects "an individual's right to carry a handgun for self-defense outside the home." *New York State Rifle & Pistol Association, Inc. v.*

*Bruen*, __U.S. __, 142 S.Ct. 2111, 2122, 213 L.Ed.2d 387 (2022). In *Bruen,* the United States Supreme Court adopted a two-step test to determine whether a restriction violates the Second Amendment. *Id.* at 2129-30. In the first step, the court must determine "whether the Second Amendment's plain text covers an individuals' conduct" – if it does, "the Constitution presumptively protects that conduct." *Id.* at 2130. In the second step, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* Only if the government makes such as showing "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* Here, Plaintiff has not yet shown a likelihood of success on the merits, as he has not engaged with the historical tradition analysis under *Bruen* by showing that the regulation restricting firearms in playgrounds and certain public parks is inconsistent with the Nation's historical tradition of firearm regulation. Although the Government generally has the burden to show a regulation is consistent with historical tradition, Plaintiff has not yet demonstrated that his right to relief is clear and unequivocal to warrant an ex parte order. *See, e.g.*, *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1255 (10th Cir. 2003) (party seeking preliminary injunction bears burden of showing substantial likelihood of success on the merits).

Similarly, Plaintiff has not yet shown irreparable harm warranting injunctive relief. He has not stated that he carries or intends to carry firearms in playgrounds and public parks, and that the failure to enjoin the Second Amended Public Health Order would irreparably harm him.

If Plaintiff chooses to file a new motion for preliminary injunction or temporary restraining order, he should specify the portions of the Second Amended Public Health Order he seeks to enjoin with specificity, and explain how those portions violate *Bruen,* including engaging with *Bruen's* historical tradition analysis. *See* Fed. R. Civ. P. 65(d) (requiring that every injunction and

restraining order (1) state its terms specifically and (2) describe in reasonable detail the act or acts restrained or required.)  Plaintiff should also brief standing.  If Plaintiff continues to pursue a temporary restraining order as to the original, superseded public health order, Plaintiff should address mootness or otherwise explain why the Court should enjoin an order which is no longer in effect. Finally, if he files a new motion, he should serve it on defendants and file certificates of service on the docket.

Therefore, Plaintiff's request for an *ex parte* temporary restraining order as to the Original Public Health Order issued September 8, 2023 is denied without prejudice as moot.

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE