# EXHIBIT 2



# City of Albuquerque
## MAYOR/CAO OFFICE

**Timothy M. Keller, Mayor**                                     August 31, 2020

---

**ADMINISTRATIVE INSTRUCTION NO:**       5-20

**TITLE:** *Noting the Applicability of State Law to Conditions to Entry to City of Albuquerque Parks and Other Facilities*

**PRIMARY DEPARTMENT:** *Parks and Recreation Department, Department of Family and Community Services, Department of Senior Affairs*

**SECONDARY DEPARTMENTS:** *Albuquerque Police Department, Department of Municipal Development, Legal Department, Albuquerque Fire Rescue*


As set forth in Administrative Instruction No. 8-5 ("AI 8-5"), it is the policy of the City of Albuquerque to ensure that safe and healthful working conditions exist for its employees, contractors, and the general public whose work involves the conducting of business in city-owned buildings, on city-owned properties or in the course of normal business. Administrative Instruction No. 5-19 ("AI 5-19") provided guidance on the policy set forth under AI 8-5 to City community centers, health and social service centers, multigenerational centers, and senior centers under applicable State laws. In addition, both AI 8-5 and 5-19 indicated that the City may have liability under the Tort Claims Act for negligence in the operation of its facilities and provides the need to ensure laws are observed and enforced.

This Administrative Instruction shall:

    (1) Ensure enforcement of the State's prohibition of carrying deadly weapons, including firearms, at City property or facilities that are used for school or college related and sanctioned activities pursuant to NMSA 1978 § 30-7-2.1 and § 30-7-2.4. This includes enforcement at certain City property or facilities used for such activities but not encompassed in AI 5-19; and

    (2) Ensure that conditions of entry to City parks and recreations centers, established by the City herein, are enforced under New Mexico's criminal trespass law, NMSA 1978 § 30-14-1(C) NMSA 1978, including a prohibition of carrying deadly weapons at certain City property or facilities.

**1. Prohibition of carrying deadly weapons, including firearms, at city property and facilities used for school or college related and sanctioned activities**

---

## A.  The prohibition on deadly weapons and firearms in schools

NMSA 1978, § 30-7-2.1(A) makes it unlawful to carry a deadly weapon on "school premises," except by "(1) a peace officer; (2) school security personnel; (3) a student, instructor or other school-authorized personnel engaged in army, navy, marine corps or air force reserve officer training corps programs or state-authorized hunter safety training instruction; (4) a person conducting or participating in a school-approved program, class or other activity involving the carrying of a deadly weapon; or (5) a person older than nineteen years of age on school premises in a private automobile or other private means of conveyance, for lawful protection of the person's or another's person or property."  Those who commit unlawful carrying of a deadly weapon on school premises may be charged with a fourth degree felony under NMSA 1978, § 30-7-2.1(C).

NMSA 1978, § 30-1-12 defines "deadly weapon" as "any firearm, whether loaded or unloaded; or any weapon which is capable of producing death or great bodily harm, including but not restricted to any types of daggers, brass knuckles, switchblade knives, bowie knives, poniards, butcher knives, dirk knives and all such weapons with which dangerous cuts can be given, or with which dangerous thrusts can be inflicted, including swordcanes, and any kind of sharp pointed canes, also slingshots, slung shots, bludgeons; or any other weapons with which dangerous wounds can be inflicted."

## B.  Applicability of NMSA 1978, § 30-7-2.1 to City property and facilities

The state laws cited above are clear and unambiguous. The State legislature could have narrowly defined "public school premises" and "university premises" to mean only those properties owned or leased by public schools or universities. Instead, the Legislature chose expressly to include buildings and areas "that are not public school property" and "that are not university property."

In addition to the buildings and grounds that house public schools, NMSA 1978, § 30-7-2.1(B)(2) defines "public school premises" as "any other public buildings or grounds, including playing fields and parking areas that are not public school property, in or on which public school-related and sanctioned activities are being performed."

Under this definition, the statute's prohibition, including the exception for law enforcement officers, applies to:

(1) City property or facilities expressly covered by AI 5-19;

(2)  City neighborhood parks, which are used as playing areas for public schools and other public school programming, including those used for the Food Services Program for Children in partnership with Albuquerque Public Schools;

(3) City sports fields, including the Albuquerque Regional Sports Complex, and City golf courses, which are used for public school and university sports or physical education classes, but not including facilities at Shooting Range Park;

(4) City pools, including the surrounding parking lots, which are used for school activities;

(5) Balloon Fiesta Park, which is used for school activities;

(6) The Albuquerque Convention Center, which is used for public school graduations and other school activities;

(7) Civic Plaza, which educators and students from Amy Biehl Charter High School regularly use for physical education activities and in which playground equipment is located.

Exceptions: This AI is not applicable to the at Shooting Range Park, the Esperanza Bike Shop, the BMX Complex, Open Space or other Parks and Recreation Department maintenance yards or administrative business offices.

## 2. Criminal trespass and the prohibition of deadly weapons on government property

### A. Criminal trespass

New Mexico's criminal trespass statute regarding government property may be used to disallow the carrying of firearms, according to an Attorney General Advisory Letter dated September 8, 2011. Under NMSA 1978, § 30-14-1(C), "Criminal trespass also consists of knowingly entering or remaining upon lands owned, operated or controlled by the state or any of its political subdivisions knowing that consent to enter or remain is denied or withdrawn by the custodian thereof." As noted by the 2011 Attorney General letter, this statute authorizes a political subdivision to consent to entry by others to its property, establish reasonable conditions to consenting to entry, and enforce such conditions. Such conditions may include banning dangerous weapons, including firearms, if the government "reasonably conclude[s] that adequate and proper security requires imposing such a condition as a requirement for members of the public generally to access the" property.

If members of the public are properly advised of a condition, including the prohibition of carrying deadly weapons, to gain entrance to a public facility, the trespass statute can be used for enforcement purposes. The facility at issue in the Attorney General letter was a district attorney's office, which counties are required to provide. The letter stated the same condition could be imposed by either the district attorney's office or the county, depending on which was the "custodian" of the property for purposes of Section 30-14-1(C). However, this analysis did not turn on whether a state agency or local government established the condition.

Provided this authority, the City of Albuquerque shall enforce this state law by ensuring adequate and proper security, including a prohibition on the carrying of deadly weapons, with the exception of law enforcement officers, property and facilities identified herein.

### B. Prohibiting possession of deadly weapons at certain City property and facilities

Pursuant to the City of Albuquerque's authority to impose and enforce conditions to entry to its property under New Mexico's criminal trespass statute as interpreted by the Attorney General letter dated September 8, 2011, possession of deadly weapons at the following City property and facilities is prohibited, with the exception of law enforcement officers, to ensure adequate and proper security for City personnel and members of the public:

(1) Any City property and facilities utilized for school sanctioned activity;

(2) City parks or facilities listed in Section 1(B)(1) – (7), .

Notice shall be posted regarding this Administrative Instruction and the enforcement of NMSA 1978, § 30-7-2.1(A) and § 30-14-1(C) at each property or facility in which this Administrative Instruction applies.

Preemption pursuant to Article II, §6 of the Constitution of New Mexico is not applicable because the right to keep and bear arms does not encompass carrying deadly weapons, including firearms, under the circumstances and at the public places set forth herein.

### 3. Prohibition of deadly weapons, including firearms, in sensitive places

#### A. Sensitive places

Albuquerque saw the risk of firearms at parks on June 15, 2020. After armed counter-demonstrators confronted protestors near Tiguex Park in Old Town, tensions escalated leading to physical altercations and an armed counter-demonstrator shot a protestor four times. With the Albuquerque Police Department recovering a large number of firearms and ammunition, that incident had the potential to be much more violent it was. The City of Albuquerque has the police power to protect its inhabitants and preserve peace and order under NMSA 1978, § 3-18-1, and desires to exercise this authority to prevent future incidents like the shooting on June 15, 2020.

In declaring the Second Amendment's individual right to bear arms in District of Columbia v. Heller, the United States Supreme Court recognized the legitimacy of prohibitions on carrying firearms in "sensitive places." *D.C. v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 2817, 171 L. Ed. 2d 637 (2008). The Court noted schools and government buildings as obvious such places, but declined to provide an exhaustive list. Courts have since found public parks to be sensitive places. Particularly, some jurisdictions have held there is no logical distinction between schools and parks where children recreate. *Warden v. Nickels*, 697 F. Supp. 2d 1221, 1224 (W.D. Wash. 2010).

In denying a challenge to a statewide ban on firearms in parks, an Illinois' court not only found there was a compelling argument that public parks were "sensitive places" but that the ban also withstood intermediate scrutiny under the Second Amendment. *People v. Bell*, 2018 IL App (1st) 153373. The law was a justified restriction to protect the police and public from dangerous weapons because large numbers of people congregate in parks for recreation.

#### B. Prohibition of deadly weapons, including firearms, at certain City property or facilities deemed sensitive places

In accordance with established law, in order to protect citizens exercising their First Amendment rights as well as protecting children who often congregate in public parks, recreational facilities, and plazas under a variety of circumstances, such City owned property and facilities are "sensitive places." Possession of deadly weapons is prohibited at the following "sensitive places," with the exception of law enforcement officers, to ensure adequate and proper security for City personnel and members of the public:

(1) Any City property utilized for school sanctioned activity;
(2) City parks and recreation facilities listed in Section 1(B)(1)-(7).

Notice shall be posted regarding this Administrative Instruction and the enforcement of NMSA 1978, § 30-18-1 at each property or facility in which this Administrative Instruction applies.

Preemption pursuant to Article II, §6 of the Constitution of New Mexico is not applicable because state law already addresses carrying deadly weapons, including firearms, under the circumstances and at the public places set forth herein and this Instruction merely clarifies the applicability of those state laws.

**4.  Severability**

If any section, subsection, sentence, clause, word, or phrase of this Administrative Instruction is for any reason held to be unconstitutional or otherwise invalid by any court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this Administrative Instruction.

_____
Sarita Nair
Chief Administrative Officer

_____
Effective Date

---