IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

    v.                                                                         No. 1:23-cv-00781 KWR/LF

MICHELLE LUJAN GRISHAM,
OFFICE OF THE GOVERNOR,
PATRICK ALLEN, and
NEW MEXICO DEPARTMENT OF HEALTH,

    Defendants.

## ORDER TEMPORARILY STAYING PRELIMINARY INJUNCTION PENDING BRIEFING ON MOTION

THIS MATTER comes before the Court upon Defendants' Emergency Motion for Stay Pending Appeal and Clarification **(Doc. 21)**. Defendants request that the Court stay the preliminary injunction, or alternatively reconsider the preliminary injunction. The Court will temporarily stay the preliminary injunction until the emergency motion is fully briefed and decided.

A district court may stay a preliminary injunction pending appeal. Fed. R. Civ. P. 62(d). Courts must consider four factors when deciding whether to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on appeal; (2) whether the stay applicant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest weighs in favor of granting or denying the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Here, the Court will temporarily stay the preliminary injunction pending briefing and decision on the emergency motion. The does so to enable to receive full briefing by the parties.

Defendants also in part request that the Court reconsider its decision and vacate the preliminary injunction. The Court generally has discretion to reconsider interlocutory orders. Fed. R. Civ. P. 54(b). However, Defendants also filed a notice of appeal before filing their motion to reconsider. A notice of appeal generally divests a district court of jurisdiction. *Stewart v. Donges*, 915 F.2d 572, 577-78 (10th Cir. 1990).

Although a district court has some discretion to stay a preliminary injunction pending appeal, Fed. R. Civ. P. 62(d), some courts have held that a district court lacks discretion to reconsider and vacate a preliminary injunction pending appeal. *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (holding that "the district court lacked authority to dissolve the injunction" because of a pending appeal); *see also International Ass'n of Machinists v. Eastern Airlines,* 847 F.2d 1014 (2nd Cir.1988).

The Court directs the parties to address in their briefing whether the Court has discretion to reconsider and vacate a preliminary injunction after a notice of appeal was filed.

**IT IS SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE