IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SPRINGER,

    Plaintiff,

vs.                                      No. 1:23-cv-00781-KWR-LF

MICHELLE LUJAN GRISHAM,
OFFICE OF THE GOVERNOR,
PATRICK ALLEN, and
NM DEPARTMENT OF HEALTH,

    Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Governor Michelle Lujan Grisham, Secretary Patrick M. Allen, and the New Mexico Department of Health (collectively, "Defendants"),[1] by and through their counsel of record, hereby answer the complaint [Doc. 1] as follows:

### PARTIES AND JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and therefore deny the same.

2. Paragraph 2 states a legal conclusion to which no response is required.

3. With respect to the allegations in Paragraph 3, Defendants admit Michelle Lujan Grisham is the Governor. The remainder of Paragraph 3 states a legal conclusion to which no response is required.

---

[1] The Office of the Governor, named in the caption of Plaintiffs' complaint, is not a legal entity that can sue or be sued.

4. With respect to the allegations in Paragraph 4, Defendants admit Patrick Allen is the Secretary of the Department of Health. The remainder of Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Paragraph 6 states a legal conclusion to which no response is required.

7. Paragraph 7 states a legal conclusion to which no response is required.

8. The first Paragraph 8 states a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

8. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 8 and therefore deny the same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 9 and therefore deny the same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 10 and therefore deny the same.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 11 and therefore deny the same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 12 and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 13 and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 14 and therefore deny the same. Defendants admit the Secretary issued the challenged public health order.

15. With respect to the allegations in Paragraph 15, Defendants state that the order speaks for itself.

16. With respect to the allegations in Paragraph 16, Defendants state that the order speaks for itself and deny the rest.

17. Admit.

18. With respect to the allegations in Paragraph 18, Defendants admit the Governor issued the challenged executive order, which speaks for itself, and deny the rest.

19. With respect to the allegations in Paragraph 19, Defendants admit the Governor issued the challenged executive order, which speaks for itself, and deny the rest.

20. With respect to the allegations in Paragraph 20, Defendants state that the order speaks for itself.

21. With respect to the allegations in Paragraph 21, Defendants admit Michelle Lujan Grisham was the current occupant of the Office of the Governor for the State of New Mexico at all times related to the complaint. The remainder of Paragraph 3 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent that Paragraph 22 can be construed to make factual allegations, Defendants deny them.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent that Paragraph 23 can be construed to make factual allegations, Defendants deny them.

24. With respect to the allegations in Paragraph 24, Defendants admit the Governor issued the challenged executive order, which speaks for itself, and deny the rest.

25. With respect to the allegations in Paragraph 25, Defendants admit the Governor issued the challenged executive order, which speaks for itself.

26. With respect to the allegations in Paragraph 26, Defendants admit the Secretary issued the challenged public health order, which speaks for itself, and deny the rest.

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent that Paragraph 27 can be construed to make factual allegations, Defendants deny them.

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent that Paragraph 28 can be construed to make factual allegations, Defendants deny them.

29. Paragraph 29 states a legal conclusion to which no response is required. To the extent that Paragraph 29 can be construed to make factual allegations, Defendants deny them.

30. Paragraph 30 states a legal conclusion to which no response is required.

31. Paragraph 31 states a legal conclusion to which no response is required.

32. Paragraph 32 states a legal conclusion to which no response is required.

33. Paragraph 33 states a legal conclusion to which no response is required.

34. Paragraph 34 states a legal conclusion to which no response is required.

35. Paragraph 35 states a legal conclusion to which no response is required. To the extent that Paragraph 35 can be construed to make factual allegations, Defendants deny them.

36. Paragraph 36 states a legal conclusion to which no response is required.

37. Paragraph 37 states a legal conclusion to which no response is required.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent that Paragraph 38 can be construed to make factual allegations, Defendants deny them.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent that Paragraph 39 can be construed to make factual allegations, Defendants deny them.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent that Paragraph 40 can be construed to make factual allegations, Defendants deny them.

41. Paragraph 41 states a legal conclusion to which no response is required.

42. Paragraph 42 states a legal conclusion to which no response is required.

43. Paragraph 43 states a legal conclusion to which no response is required.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent that Paragraph 44 can be construed to make factual allegations, Defendants deny them.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent that Paragraph 45 can be construed to make factual allegations, Defendants deny them.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent that Paragraph 46 can be construed to make factual allegations, Defendants deny them.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent that Paragraph 47 can be construed to make factual allegations, Defendants deny them.

48. Admit.

49. With respect to the allegations in Paragraph 49, Defendants admit the Attorney General sent the cited letter to the Governor, which speaks for itself.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent that Paragraph 50 can be construed to make factual allegations, Defendants deny them.

**COUNT I: VIOLATION OF THE RIGHT TO BEAR ARMS – 42 U.S.C. § 1983**

51.     Defendants reincorporate the preceding answers.

52.     With respect to the allegations in Paragraph 52, Defendants admit Defendants issued the challenged orders, which speaks for themselves, and deny the rest.

53.     Paragraph 53 states a legal conclusion to which no response is required. To the extent that Paragraph 53 can be construed to make factual allegations, Defendants deny them.

54.     Paragraph 54 states a legal conclusion to which no response is required. To the extent that Paragraph 54 can be construed to make factual allegations, Defendants deny them.

55.     Paragraph 55 states a legal conclusion to which no response is required. To the extent that Paragraph 55 can be construed to make factual allegations, Defendants deny them.

56.     Paragraph 56 states a legal conclusion to which no response is required. To the extent that Paragraph 56 can be construed to make factual allegations, Defendants deny them.

**COUNT II: VIOLATION OF FREEDOM OF THE PRESS AND SPEECH – VIEWPOINT DISCRIMINATION – 42 U.S.C. § 1983**

57.     Defendants reincorporate the preceding answers.

58.     Paragraph 58 states a legal conclusion to which no response is required.

59.     Paragraph 59 states a legal conclusion to which no response is required. To the extent that Paragraph 59 can be construed to make factual allegations, Defendants admit Defendants issued the challenged orders, which speaks for themselves, and deny the rest.

60.     Paragraph 60 states a legal conclusion to which no response is required. To the extent that Paragraph 60 can be construed to make factual allegations, Defendants deny them.

**COUNT III: VIOLATION OF N.M. CONST. ART. II, § 6, AND ART. II, § 17 (ONLY AS TO THE DEFENDANTS OFFICE OF THE GOVERNOR AND DEPARTMENT OF HEALTH)**

61.     Defendants reincorporate the preceding answers.

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent that Paragraph 62 can be construed to make factual allegations, Defendants deny them.

63. Paragraph 63 states a legal conclusion to which no response is required. To the extent that Paragraph 63 can be construed to make factual allegations, Defendants deny them.

64. Paragraph 64 states a legal conclusion to which no response is required. To the extent that Paragraph 64 can be construed to make factual allegations, Defendants deny them.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent that Paragraph 65 can be construed to make factual allegations, Defendants deny them.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** Plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense:** Plaintiff's complaint is barred by sovereign immunity.

**Third Affirmative Defense:** Plaintiff's complaint is barred by qualified immunity.

**Fourth Affirmative Defense:** Plaintiff failed to mitigate his damages.

Respectfully submitted,

*/s/ Holly Agajanian*
**HOLLY AGAJANIAN**
*Chief General Counsel to Governor Michelle Lujan Grisham*
**KYLE P. DUFFY**
*Deputy General Counsel to Governor Michelle Lujan Grisham*
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
(505) 476-2200
Holly.Agajanian@exec.nm.gov
Kyle.duffy@exec.nm.gov

        SERPE ANDREWS, PLLC

*/s/ Cody R. Rogers*
Cody R. Rogers
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
(575) 288-1453
crogers@jarmielaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

        Respectfully submitted,

        */s/ Holly Agajanian*
        Holly Agajanian